UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANTHONY ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-156-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KROGER LIMITED PARTNERSHIP I, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of the following matters: (i) Plaintiff Anthony Adkins' motion to remand this action to the Scott Circuit Court, (ii) Defendant Kroger Limited Partnership I's ("Kroger") motion for judgment on the pleadings, and (iii) Adkins' motion for leave to amend his Complaint. [Record Nos. 8, 10, 14] For the reasons that follow, Adkins' motion to remand will be denied, his motion for leave to amend his Complaint will be granted, and Kroger's motion for judgment on the pleadings will be denied as moot.

I.

Kroger terminated Adkins' employment on December 30, 2015. [Record No. 1-1, ¶ 9] Adkins filed this suit in state court on January 19, 2018, alleging that Kroger unlawfully discriminated against him based on his disability and failed to provide him with a reasonable accommodation in violation of the Kentucky Civil Rights Act, Kentucky Revised Statutes ("KRS") § 344.010 *et seq.* [*Id.* ¶¶ 10-13] The Complaint does not state an amount in controversy, but alleges actual damages and attorney's fees under KRS 344.450, in excess of the minimum amount required to invoke the state court's jurisdiction. [*See id.* ¶¶ 14-15]

Kroger informed Adkins that it was contemplating filing a notice of removal on February 8, 2018, and requested a settlement demand. [Record No. 8-2, p. 3] On February 13, 2018, Adkins sent Kroger a settlement demand stating that: (i) he will not be pursuing a claim for front pay; (ii) his back pay damages equal no more than $35,672.00; (iii) he is claiming emotional distress damages in the amount of $9,000; and (iv) he expects that his attorney's fees will not exceed $20,000. [*Id.* at 2] As a result, Adkins claimed that his total damages were $64,672.00, and offered to settle the case for $55,000.00. [*Id.*]

Kroger removed the matter to this Court on February 23, 2018. It alleged that removal was proper under 28 U.S.C. § 1441(b), because the parties are diverse and the amount in controversy, more likely than not, exceeds $75,000.00. [Record No. 1, ¶¶ 5-6] Kroger also alleged that removal was proper under 28 U.S.C. § 1441(a), because the plaintiff's claims necessarily require interpretation of the leave policy contained in the applicable Collective Bargaining Agreement ("CBA"). [Record No. 1, ¶ 7]

Adkins opposes removal on the grounds that Kroger has not sufficiently established that the amount in controversy exceeds $75,000.00, and that his claims were neither created by nor require interpretation of the CBA.[1]

**II.**

In general, the Court must conduct a "fair reading" of the Complaint to determine the amount in controversy. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). However, where "[s]tate practice either does not permit demand for a specific sum or permits

---

[1] Adkins does not dispute that the parties are diverse. His Complaint states that he is a citizen of Kentucky. [Record No. 1-1, ¶ 3] Kroger's notice of removal states that Kroger is a citizen of Ohio. [Record No. 1, ¶ 5]

recovery of damages in excess of the amount demanded," the defendant may assert the amount in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2)(A)(ii); Ky. R. Civ. Pro. 8.01(2). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction," and it "must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (quotations omitted). "A removal action is only proper based on the amount in controversy asserted in the removal notice 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a).'" *Id.* (quoting 28 U.S.C. § 1446(c)(2)(B)) (alterations adopted).

Kroger's notice of removal is supported by an affidavit stating that Adkins worked an average of 27 hours per week and earned $11.20 per hour, resulting in a weekly sum of $302.40.[2] [Record No. 1, ¶ 6; Record No. 1-2, ¶¶ 3-4] Because 112 weeks had elapsed between the date of Adkins' termination and the date of removal, Kroger alleged that the back pay damages on that date totaled $33,868.80. [Record No. 1, ¶ 6] Further, Kroger noted that back pay may continue to accrue during the pendency of this action, and that Adkins may also recover a sum for lost employment benefits, emotional suffering, and attorney's fees. [*Id.*] In support of remand, Adkins relies primarily on his settlement demand indicating that his total damages were $64,672.00. [Record No. 8-2]

The Sixth Circuit has explained that:

> [a] settlement demand letter is some evidence regarding the amount in controversy. The fact that [the] [p]laintiff attempted to settle the claim for less

---

[2] Adkins' settlement demand indicates that his back pay damages should be $35,672.00, based on an average of 28 hours per week and an hourly rate of $12.25. [Record No. 8-2]

than the amount in controversy is not probative of the true amount because litigants often settle claims for less than the amount in controversy. An offer falling just below the jurisdictional threshold tends to suggest that the amount in controversy exceeds this threshold, especially since parties routinely offer and accept settlement amounts significantly below the total amount placed into controversy.

*Shupe*, 566 F. App'x at 480 (quotations and citations omitted; alterations adopted).

Adkins' claim for actual damages may "include back pay, front pay, lost benefits, humiliation, emotional distress, embarrassment, and attorney's fees." *Id.* (quotations and citations omitted). Although the Complaint does not specify whether Adkins intends to seek a back pay award that includes future accruals, a "fair reading" of Adkins' claim for compensatory and actual damages indicates that those damages would include lost wages up until the trial date. [*See* Record No. 1-1.] Further, although Adkins' settlement demand states that his "backpay damages equal no more than $35,672.00," this is not an "unequivocal stipulation" that he will not seek damages beyond that amount. *Shupe*, 566 F. App'x at 481. Accordingly, the "calculation of [Adkins'] backpay appropriately include[s] accruals through the projected trial date[.]" *Id.* at 480 (citing *Weaver v. AT&T Corp.*, 10-cv-146, 2010 WL 2521462, *2 (W.D. Ky. June 18, 2010)).

By a separate Order filed this date, the Court has scheduled the trial of this matter for April 8, 2019. Assuming a weekly wage of $302.40 (based on the hourly rate stated in Kroger's notice of removal), Adkins' back pay damages would be $51,408.00 at that time. Coupled with his claim for $9,000.00, for emotional distress damages, and $20,000.00, for attorney's fees, the amount in controversy would exceed $75,000.00. Accordingly, the Court concludes that the amount in controversy in this case more likely than not exceeds $75,000.00.

Because the Court finds removal is proper based on diversity jurisdiction under 28 U.S.C. § 1441(b), it need not address the defendant's alternative theory that removal is proper based on federal question jurisdiction under 28 U.S.C. § 1441(b).

**III.**

After removal, Kroger filed a motion for judgment on the pleadings. [Record No. 10] Adkins subsequently filed a motion for leave to file an amended complaint, stating that it is necessary to amend his Complaint to comply with the higher federal pleading standards. [Record No. 14]

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the Court "should freely give leave when justice so requires." Further, the United States Supreme Court has instructed that Rule 15's permissive language "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, a plaintiff's motion for leave to amend should be granted absent a justifiable reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* Here, there is no evidence of bad faith or dilatory motive. As a result, Adkins' motion will be granted.[3]

---

[3] The Amended Complaint states that "[t]he amount-in-controversy Plaintiff claims in this case is, and has at been [*sic*] all times since the original filing [of] this lawsuit in Scott Circuit Court in the Commonwealth of Kentucky, less than $75,000.00." [Record No. 14-1, ¶ 5] However, post-removal events, such as the filing of an amended complaint, do not oust the district court's jurisdiction once it has attached. *See Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289−90 (1938); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Nothing in Adkins' Amended Complaint changes the analysis in the preceding section.

Adkins' Amended Complaint supersedes the original Complaint. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading). As a result, Kroger's motion for judgment on the pleadings regarding the original Complaint will be denied as moot.

**IV.**

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. The plaintiff's motion to remand [Record No. 8] is **DENIED**.

2. The plaintiff's motion for leave to amend his Complaint [Record No. 14] is **GRANTED**. The Clerk of the Court is directed to file the Amended Complaint previously tendered by Plaintiff Adkins [Record No. 14-1].

3. The defendant's motion for judgment on the pleadings [Record No. 10] is **DENIED**, as moot.

This 3rd day of April, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge