UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANTHONY ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-156-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KROGER LIMITED PARTNERSHIP I, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The Court previously held that Plaintiff Anthony Adkins did not state a claim for failure to provide a reasonable accommodation and to participate in an interactive process. [Record No. 28] Adkins subsequently filed a motion under Federal Rule of Civil Procedure 60(b)(2), asking the Court to reconsider this determination. [Record No. 34] In support, Adkins asserts he is entitled to relief in light of newly discovered evidence. [Record No. 34]

Adkins's motion will be denied because the evidence is not newly discovered, but even if it were, the Court's prior decision would not change.

**I.**

Adkins is a former employee of Kroger Limited Partnership I ("Kroger"). He commenced a medical leave of absence on September 26, 2013. [Record No. 22-2] Adkins asserted he suffered from back and shoulder impairments that interfered with his ability to work. [Record No. 21, p. 2] Kroger's leave of absence policy is included in a collective bargaining agreement ("CBA") negotiated with its employees' union. [Record No. 22-1] The policy states that:

[a] leave of absence because of sickness or non-work related injury, not to exceed ninety (90) days, shall be granted to an employee upon written request, supported by medical evidence. Extensions shall be granted up to ninety (90) days at a time, if requested in writing and supported by proper medical evidence prior to each expiration, but in no case shall the leave exceed two (2) years in duration.

[Record No. 22-1, p. 21]

Adkins's leave of absence was extended beyond the two-year limit contained in the CBA until December 30, 2015. [*See* Record No. 21.] Kroger mailed Adkins a letter on December 23, 2015, stating that "[i]n accordance with your union contract, absences from employment due to sickness or injury shall not exceed two (2) years in length. Therefore, effective December 30, 2015 your employment with the Kroger Co will be terminated." [*See* Record No. 21, p. 2.] Adkins received the letter on December 28, 2015. [Record No. 21 p. 3]

Adkins provided a note from his doctor to Kroger clearing him to work one day a week on December 29, 2015. [Record No. 21, p. 3] Store manager John Mosley was given his medical certification on December 29, 2015; however, he told Adkins there was "nothing he could do for him." [Record No. 21, p. 3] Adkins also spoke to a co-manager who indicated that there was a pricing job available. [Record No. 21, p. 3] Adkins told Mosley about the position and Mosley responded that he would contact the human resources department and let Adkins know of its response. [Record No. 21, p. 3] Adkins obtained a note from his doctor on December 30, 2015, clearing him to perform the pricing job. [Record No. 21, p. 4] He subsequently gave the note to Kroger's personnel manager. [Record No. 21, p. 4] However, in accordance with the letter of December 23, 2015, Adkins' employment with Kroger was terminated that same day. [Record No. 21, p. 4]

Adkins filed suit on January 19, 2018. Thereafter, Kroger removed the lawsuit to this Court. [Record No. 1] Adkins subsequently filed a verified amended complaint alleging that Kroger: (i) unlawfully discriminated against him based on his disability; (ii) failed to provide him with a reasonable accommodation or engage in an interactive process with him; (iii) is estopped from arguing that he was not otherwise qualified to return to work in the pricing job; and (iv) caused him to incur attorney's fees and costs. [Record No. 21]

Kroger filed a motion for judgment on the pleadings and this Court granted, in part, and denied, in part, the defendant's motion on June 11, 2018. [Record No. 28] The Court dismissed Adkins's claims for failure to provide a reasonable accommodation and to engage in an interactive process, equitable estoppel, and attorney's fees. [Record No. 28, p. 11] The undersigned concluded that Adkins claim for failure to provide a reasonable accommodation and to engage in an interactive process was not a plausible claim for relief because the alleged request for a reasonable accommodation was made after the two-year limit contained in the CBA. [Record No. 28, p. 8]

Adkins has now filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b) based on a claim of newly discovered evidence. [Record No. 34] He requests that this Court grant him relief from its judgment dismissing his reasonable accommodation claim. [Record No. 34-1] The alleged newly discovered evidence includes deposition testimony of the defendant and a return to work document which was faxed to Kroger prior to his termination. [Record No. 34]

## II.

### a. The Plaintiff's Request For Relief Is Inappropriate Under Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b)(2) of the Federal Rules of Civil Procedure permits courts to relieve parties from a *final* judgment when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." But an order that adjudicates fewer than all of the claims or the rights and liabilities without directing entry of a final judgment is not final under Federal Rule of Civil Procedure 54(b). The Court, however, may revise an order that adjudicates fewer than all of the claims "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Pro. 54(b). The Memorandum Opinion and Order ruling on the motion for judgment on the pleadings did not resolve every claim in the case. As a result, it is not a final order. Accordingly, Federal Rule of Civil Procedure 60(b) is an improper avenue for relief.

The defendant argues that the law of the case doctrine should be applied in addressing the plaintiff's motion for reconsideration. It asserts that this doctrine "precludes reconsideration of a previously decided issue unless one of three 'exceptional circumstances' exists: (1) substantially different evidence is available; (2) a supervening contrary view of the law is announced; or (3) the earlier decision is clearly erroneous and would work a manifest injustice." *McNulty v. Arctic Glacier, Inc.*, 2016 U.S. Dist. LEXIS 14826 *1, *58 (E.D. Mich. 2016) (citations and quotations omitted). The doctrine allows reconsideration based on newly discovered evidence "only if the record actually contains new evidence and if the new evidence differs materially from the evidence of record when the issue was first decided and if it provides less support for that decision." *Id.* (citations and quotations omitted).

Analysis under the law of the case doctrine is similar to that under Rule 54(b) of the Federal Rules of Civil Procedure. *Compare Rodriguez v. Tenn. Labor Health & Welfare Fund*,

89 F. App'x 949, 959 (6th Cir. 2004) (holding that district courts have authority under the common law and Federal Rule 54(b) to reconsider interlocutory orders), *with McNulty*, 2016 U.S. Dist. LEXIS 14826 at *56-57 (allowing reconsideration of an interlocutory order in exceptional circumstances). The Court has previously used Rule 54(b) to analyze a motion for reconsideration of an interlocutory order. And the Court will review the current motion under this rule. *See, e.g., Class Racing Stable, LLC v. Breeders' Cup, Ltd.*, 2018 U.S. Dist. LEXIS 70805 (E.D. Ky. 2018); *Hall v. City of Williamsburg*, 2017 U.S. Dist. LEXIS 126998 *1, *4-5 (E.D. Ky. 2017). But even under Rule 54(b), the motion fails on the merits.

As an initial matter, a court retains discretion to reconsider and revise interlocutory orders before the entry of a final judgment. *In re Life Investors Inc. Co. of Am.*, 589 F.3d 319, 326 n.6 (6th Cir. 2009); *Rodriguez*, 89 F. App'x at 959. Courts may "afford such relief from interlocutory orders as justice requires." *Rodriguez v. Tenn. Labor Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (quoting *Citibank (South Dakota), N.A. v. FDIC*, 857 F. Supp. 976, 981 (D.D.C. 1994)). Generally, "courts will find justification for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice." *Louisville/Jefferson County Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez,* 89 F. App'x at 959). However, a motion for reconsideration cannot be used to raise legal arguments that could have been raised before the Court issued its decision. *Shah v. NXP Semiconductors USA, Inc.,* 507 F. App'x 483, 495 (6th Cir. 2012) (citation omitted). Further, "a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Id.* (citation omitted). "The moving party has the burden of showing that reconsideration is warranted, and that some

harm or injustice would result if reconsideration were to be denied." *Reed v. Gulf Coast Enters.*, 2015 U.S. Dist. LEXIS 95183 *1, *7 (W.D. Ky. 2016) (quoting *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009)).

**b. The Plaintiff's Evidence Is Not Newly Discovered.**

Adkins claims that the defendant's deposition testimony and a return to work document constitute newly discovered evidence that permit the Court to reconsider the motion for judgment on the pleadings.[1] [Record No. 34-1, p. 5-6] The defendant's representative opined in the subject deposition that, if Kroger had received a return to work notice prior to his termination, it would have considered the notice as an initiation of an interactive process concerning a reasonable accommodation. [Record No. 40-1] The plaintiff contends in his reply that the reason for the extension beyond the two-year limitation was not readily apparent until after the deposition was taken. [Record No. 41, p. 2]

The defendant argues that "[t]here is no 'new' evidence that would justify the Court revisiting its prior decision." [Record No. 37] It asserts that the plaintiff was aware or could have, with the exercise of due diligence, become aware of all of the information included in the deposition, the CBA, and the letter faxed to Kroger before the Court's decision on the motion for judgment on the pleadings. [Record No. 37, p. 6]

The Court concludes that the evidence provided by the plaintiff is not newly discovered. This is because the plaintiff was aware or could have become aware of all of the supposedly "new" information prior to the Court's decision on the motion for judgment on the pleadings. First, the return to work letter is dated December 29, 2015, prior to the filing of the verified

---

[1] The plaintiff did not attach the deposition to his motion. However, the deposition was later added to the record by the defendant. [Record No. 40-1]

complaint and before the Court ruled on the motion for judgment on the pleadings. Additionally, the defendant was aware of, or should have been aware of, the information contained in the CBA and that he had exceeded his two-year leave of absence. *See Arrowood Indem. Co. v. Lubrizol Corp*., 2015 U.S. Dist. LEXIS 183449 *1, *9-10 (N.D. Ohio 2015) (quoting *McConocha v. Blue Cross and Blue Shield Mut. Of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)) ("It is not the function of a motion to reconsider . . . to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue").

### c. The Evidence Provided By The Plaintiff Does Not Change The Court's Prior Decision.

Even if the evidence is newly discovered, it would not change the fact that the plaintiff did not state a claim for relief for failure to provide a reasonable accommodation and engage in an interactive process. The Court's earlier decision was based on the face of the pleadings. The Court concluded that Adkins had "failed to allege that he made any request for reasonable accommodation before the two-year limit in the CBA expired," thus, he did not state a plausible claim for relief for failure to provide a reasonable accommodation and to engage in an interactive process. [Record No. 28, p. 9]

The Court previously compared this case to *Wheat v. Columbus Bd. Of Educ. Columbus Pub. Sch.*, 2015 U.S Dist. LEXIS 85185 *1 (S.D. Ohio 2015), *aff'd*, 644 F. App'x 427 (2016)). In *Wheat*, the district court concluded that the CBA governing the plaintiff's employment allowed the defendant to terminate an employee upon exceeding the two-year leave of absence limitation. *Id*. at *14. The plaintiff in *Wheat* had been granted multiple extensions beyond the

two-year limit contained in her CBA. *Id*. at *2-5. The Sixth Circuit subsequently concluded that the plaintiff in *Wheat* "never asked the Board to accommodate her physical disabilities within the two-year time frame. When she demanded to return to work some seven months after the two-year limit expired, the Board was not obliged to exempt her from its contractual leave policy." 644 F. App'x at 430. Additionally, the Sixth Circuit noted her claim for the failure "to engage in the interactive process mandated by the ADA [rung] hollow, because again, she never requested a reasonable accommodation during the two years she was on leave." *Id*.

The purported "newly discovered evidence" provided by the plaintiff does not change the fact that he failed to request a reasonable accommodation or engage in the interactive process during the two-year period provided for in the CBA. There is nothing in the deposition testimony or the return to work letter that demonstrates that the plaintiff requested a reasonable accommodation prior to the expiration of the two-year period included in the CBA. Similar to the defendant in *Wheat*, Kroger was not obliged to exempt Adkins from its contractual leave policy. Therefore, the Court will not revise its prior decision because the evidence provided by Adkins is not newly discovered, but even if it were, it does not alter the fact that Adkins failed to state a claim for which relief can be granted.

### III.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's motion for reconsideration [Record No. 34] is **DENIED.**

Dated: December 17, 2018.



Signed By:
*Danny C. Reeves*
United States District Judge